**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 3:68cv4294** |
| **LINCOLN COUNTY SCHOOL DISTRICT** | **DEFENDANT** |

---

**MEMORANDUM IN SUPPORT OF JOINT MOTION**
**FOR DECLARATION OF UNITARY STATUS**

---

The Lincoln County School District (the "District") submits this memorandum in support of its motion for declaration of unitary status. The District has complied in good faith with this Court's desegregation orders and has eliminated, to the extent practicable, all vestiges of discrimination resulting from the former racially dual system. The District is unitary because each of the following areas is fully desegregated: student assignment, faculty, staff, transportation of students, facilities, and extracurricular activities. The District respectfully requests the Court grant its motion and declare the District unitary, dissolve all injunctions entered in this case, and dismiss this case with prejudice. Plaintiff the United States of America (the "United States") joins the District in the relief requested.

## I. Summary of the Case

In April 1968, the United States initiated this lawsuit against the District seeking disestablishment of its *de jure* racially dual school system. On November 7, 1969, the Court of Appeals for the Fifth Circuit issued an Order enjoining the District from operating a dual school system based on race or color, requiring the District to operate a unitary school system, adopting the Department of Health, Education and Welfare's desegregation plan

(the "Plan"), and retaining jurisdiction until further notice. Exhibit 1.[1] The Fifth Circuit modified the District's plan on December 15, 1969, with respect to the student assignment plan, under which the District operated the following schools:

- Loyd Star Attendance Zone – All students grades 1 – 6 and 9 – 12 residing in zone;
- West Lincoln Attendance Zone – All students grades 1 – 6 and 9 – 12 residing in zone;
- Bogue Chitto Attendance Zone – All students grades 1 – 6 and 9 – 12 residing in zone;
- Enterprise Attendance Zone – All students in grades 1 – 6 and 9 – 12 residing in zone; and,
- Eva H. Harris School – All students in grades 7 – 8 residing in District.

Exhibit 2.

In August 1977, the Court ordered modification of the District's student assignment plan allowing the District to convert the Eva H. Harris school into a center for specialized educational services for all students in the District and assigning all students in grades 7 – 8 to attend school in their zone of residence. In other words, Loyd Star, West Lincoln, Bogue Chitto, and Enterprise were all converted to attendance centers for grades 1 – 12 for all students residing in each zone.[2] Exhibit 3. Aside from converting each of the District's schools to Kindergarten – 12 grades, the District's Plan has not been modified since the 1977 Consent Order.

The United States conducted a review of the District's case from 2021 through 2024, including several written requests for information and a site visit in March 2023. Following the 2023 site visit, the United States requested follow-up information regarding bus routes, faculty hiring, and student enrollment in the Gifted program. The District timely responded

---

[1] All exhibits are attached to the District's Motion for Declaration of Unitary Status.

[2] The Eva Harris facility was subsequently sold.

to these additional requests. Since then, the United States and District collaboratively developed steps the District took from 2024 to the present to ensure the District was fully compliant with its desegregation obligations in the areas of transportation, within-school student assignment, and faculty/staff hiring. After continued monitoring, the United States believes the District has fully complied with its desegregation obligations.

The District has complied in good faith with this Court's orders for a reasonable period of time, and has, to the extent practicable, eliminated the vestiges of racial discrimination resulting from the former racially dual system. The District is unitary because each of the following areas is fully desegregated: student assignment, faculty, staff, transportation of students, facilities, and extracurricular activities. As more fully explained below, the District operates a fully desegregated school system.

## II. The Lincoln County School District is unitary.

### A. Burden of proof

To prevail on its motion for unitary status, the District must show that it has 1) eliminated all vestiges of *de jure* discrimination to the extent practicable; 2) complied with this Court's desegregation orders for a reasonable period of time; and, 3) demonstrated its good-faith commitment to the constitutional rights that were the original predicate for the injunctive relief this Court awarded. *Freeman v. Pitts*, 503 U.S. 467, 491 (1992); *Board of Education v. Dowell*, 498 U.S. 237, 249-50 (1991). The District must demonstrate compliance with respect to student assignment, faculty, staff, transportation, facilities, and extra-curricular activities. *Green v. County School Board of New Kent County*, 391 U.S. 430, 435 (1968).

**B. The District has eliminated, to the extent practicable, all vestiges of past discrimination and has complied with this Court's orders.**

**1. The District has fully integrated its faculty.**

Under the Plan, the District is required to assign faculty and staff who work directly with students so that in no case will the racial composition of the staff indicate that a school is intended for black or white students. Ex. 1, p. 7. The Plan does not set a quota or percentage for faculty and staff working directly with children. The Plan also requires the District to hire, assign, promote, pay, demote and dismiss employees without regard to race except to the extent necessary to correct discrimination. In assessing compliance with faculty and staff assignment plans, courts generally permit a deviation up to +/- 20%. *Flax v. Potts,* 725 F. Supp. 322, 328 (N.D. Tex. 1989), *aff'd,* 915 F.2d 155 (5th Cir. 1990). Faculties at all of the District's schools are within the range of deviation of +/- 20 percentage points of the faculty racial makeup for the District.

Summarized below, the data for the last three years illustrates the District operates a unitary system and is in full compliance with *Singleton v. Jackson Municipal Separate School District.*, 419 F.2d 1211 (5th Cir. 1969). *See,* Figure 1, below.

**Figure 1: Faculty Assignment for school years 2023-2024 through 2025-2026**

**2023-2024**

| School | Black | White | Other | Total |
|---|---|---|---|---|
| Loyd Star Attendance Center | 0 | 54 (100%) | 0 | 54 |
| West Lincoln Attendance Center | 1 (1.9%) | 51 (98.1%) | 0 | 52 |
| Bogue Chitto Attendance Center | 1 (2%) | 49 (98%) | 0 | 50 |
| Enterprise Attendance Center | 0 | 53 (98/1%) | 1 (1.9%) | 54 |
| **Total** | **2 (1%)** | **207 (98.5%)** | **1 (.5%)** | **210** |

**2024-2025**

| School | Black | White | Other | Total |
|---|---|---|---|---|
| Loyd Star Attendance Center | 0 | 53 (100%) | 0 | 53 |
| West Lincoln Attendance Center | 1 (2.3%) | 42 (97.7%) | 0 | 43 |
| Bogue Chitto Attendance Center | 1 (2%) | 48 (98%) | 0 | 49 |
| Enterprise Attendance Center | 0 | 47 (98%) | 1 (2%) | 48 |
| **Total** | **2 (1%)** | **190 (98.4%)** | **1 (.5%)** | **193** |

**2025-2026**

| School | Black | White | Other | Total |
|---|---|---|---|---|
| Loyd Star Attendance Center | 0 | 52 (100%) | 0 | 52 |
| West Lincoln Attendance Center | 1 (2.3%) | 42 (97.7%) | 0 | 43 |
| Bogue Chitto Attendance Center | 1 (2.1%) | 47 (97.9%) | 0 | 48 |
| Enterprise Attendance Center | 0 | 43 (97.7%) | 1 (2.3%) | 44 |
| **Total** | **2 (1.1%)** | **184 (98.4%)** | **1 (.5%)** | |

**2. Transportation**

Consistent with Mississippi Code Annotated § 37-41-3, the District provides transportation to all students who reside more than one mile from the school to which they are assigned. The transportation system in the District is desegregated. Black and white students are transported daily on the same buses. Bus routes are designed for efficiency and without regard to race. The District is unitary with respect to transportation.

### 3. Extracurricular activities

All extracurricular activities offered by the District are available to all students regardless of race. The District encourages participation in every activity without regard to race. No racial barriers exist preventing any student from participating in extracurricular activities.

### 4. Student assignment and school configuration

The District operates a school system "where schools are not white schools or Negro school—just schools." *United States v. Jefferson County Board of Education,* 372 F.2d 836, 890 (1966), *aff'd. en banc*, 380 F.2d 385 (5th Cir.). Neither federal law nor the District's Plan imposes specific racial quotas for each of the District's schools. Some courts, however, in analyzing whether school districts are unitary with regard to student assignment, have measured each school against a commonly-used deviation of +/- 20% of the District-wide enrollment. *See, United States v. Tex. Educ. Agency,* 679 F.2d 1104, 1114 (5th Cir. 1982); *United States v. Georgia,* 171 F.3d 1333, 1338 (11th Cir. 1999); *Williams v. Kimbrough,* Civ.A. 65-11329, 2010 U.S. Dist. LEXIS 51963 (W.D. La. May 3, 2010); *Andrews v. City of Monroe,* Civ.A. 65-11297, 2010 U.S. Dist. LEXIS 85604 (W.D. La. June 20, 2012).

The District operates four attendance centers serving students in grades K – 12 as set out in Figure 2, below. No school is racially identifiable.

**Figure 2: Student Enrollment school years 2023-2024 through 2025-2026**

**2023-2024**

| School | Black | White | Other | Total |
|---|---|---|---|---|
| Loyd Star Attendance Center | 132 (17.7%) | 593 (79.6%) | 20 (2.7%) | 745 |
| West Lincoln Attendance Center | 74 (11.6%) | 560 (87.5%) | 6 (.9%) | 640 |
| Bogue Chitto Attendance Center | 126 (16.9%) | 608 (81.6%) | 11 (1.5%) | 745 |
| Enterprise Attendance Center | 63 (9.1%) | 626 (90.5%) | 3 (.4%) | 692 |
| **Total** | **395 (14%)** | **2,387 (84.6%)** | **40 (1.4%)** | **2,822** |

**2024-2025**

| School | Black | White | Other | Total |
|---|---|---|---|---|
| Loyd Star Attendance Center | 137 (18.6%) | 580 (78.9%) | 18 (2.4%) | 735 |
| West Lincoln Attendance Center | 79 (12.4%) | 552 (86.5%) | 7 (1.1%) | 638 |
| Bogue Chitto Attendance Center | 121 (16.6%) | 600 (82.2%) | 9 (1.2%) | 730 |
| Enterprise Attendance Center | 69 (10.4%) | 594 (89.2%) | 3 (.4%) | 666 |
| **Total** | **406 (14.7%)** | **2,326 (84%)** | **37 (1.3%)** | **2,769** |

**2025-2026**

| School | Black | White | Other | Total |
|---|---|---|---|---|
| Loyd Star Attendance Center | 125 (17.7%) | 563 (79.7%) | 18 (2.5%) | 706 |
| West Lincoln Attendance Center | 73 (11.6%) | 552 (87.6%) | 5 (.8%) | 630 |
| Bogue Chitto Attendance Center | 119 (16.4%) | 601 (82.7%) | 7 (.9%) | 727 |
| Enterprise Attendance Center | 71 (10.9%) | 578 (88.4%) | 5 (.7%) | 654 |
| **Total** | **388 (14.3%)** | **2,294 (84.4%)** | **35 (1.3%)** | **2,717** |

The District has race-neutral policies regarding student transfers into the District (interdistrict) and between zones (intradistrict). Additionally, the District does not allow student transfers where the cumulative effect of the transfers would decrease desegregation in either the sending or receiving school district.

**5. Facilities**

Each of the District's four attendance centers are racially balanced with respect to faculty and student assignment. Therefore, there is no issue in this case as to whether the District discriminates against black students by providing them inferior school facilities.

## III. Conclusion

"[U]nitariness represents a finding 'that the school district has eliminated all aspects of *de jure* segregation . . . .'" *Price v. Austin Independent School District,* 945 F.2d 1307 (5th Cir. 1991) (quoting *Ross v. Houston Independent School District,* 699 F.2d 218, 219 (5th Cir. 1983)). "[T]he appropriate measure of unitariness [is] 'whether the past has been eradicated so far as it remains in the power of school officials and courts to do so . . . .'" *Id.* at 1314 (quoting *Ross*, 699. F.2d at 227). The District has worked continuously to implement its Desegregation Plan and the Court's desegregation orders and to remove, to the extent practicable, all vestiges of *de jure* segregation. The District has eliminated all vestiges of *de jure* segregation and is unitary in every respect.

Respectfully submitted, this 7th day of January, 2026.

**Lincoln County School District**

/s/ John S. Hooks

OF COUNSEL:

John S. Hooks
MS Bar No. 99175
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Telephone: 601.353.3234
Facsimile: 601.355.9708
John.Hooks@arlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed a true and correct copy of the above document with the Clerk of Court via the CM/ECF System, which caused notice of filing to be served on all registered counsel of record.

Dated: January 7, 2026.

/s/ John S. Hooks